# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| BRIAN ECKART,<br><br>*Plaintiff,*<br><br>-vs-<br><br>CEREN ERCANTURK,<br>UBER TECHNOLOGIES, INC., and<br>RASIER, LLC,<br><br>*Defendants.* | Case No.:<br><br>**COMPLAINT**<br>(Jury Trial Demanded) |

Plaintiff Brian Eckart, by and through her undersigned attorneys, complains of Defendants and alleges as follows:

### Parties, Venue, and Jurisdiction

1.  Plaintiff Brian Eckart ("Plaintiff") was injured in the crash that is subject of this action (the "Crash"). At all relevant times, Plaintiff is a resident and citizen of Haywood County, North Carolina.

2.  Defendant Ceren Ercanturk ("Defendant Ercanturk") was driving the vehicle that crashed into Plaintiff and caused Plaintiff's injuries. Upon information and belief, Defendant Ercanturk is a citizen and resident of California.

3.  Upon information and belief, Defendant Uber Technologies, Inc., ("Defendant Uber") is a Delaware corporation with its principal place of business in the City and County of San Fransisco, California. Defendant Uber is registered with the Secretary of State and is authorized to do business in South Carolina. Defendant Uber can be served through its Registered Agent, C T Corporation System at 2 Office Park Court, Suite 103, Columbia, South Carolina 29223.

4. Upon information and belief, Defendant Rasier, LLC, ("Defendant Rasier") is a Delaware corporation with its principal place of business in the City and County of San Fransisco, California. Defendant Rasier is registered with the Secretary of State and is authorized to do business in South Carolina. Defendant Rasier can be served through its Registered Agent, CT Corporation System at 2 Office Park Court, Suite 103, Columbia, South Carolina 29223.

5. At all times relevant to this action, Defendant Ercanturk was an agent, servant, and/or employee of Defendant Uber and Defendant Rasier, individually or jointly.

6. At all times relevant to this Complaint, and at the time of the Crash, Defendant Ercanturk was acting in the course and scope of her agency, service, and/or employment with Defendant Uber and Defendant Rasier.

7. The Charleston Division is proper because at the time this cause of action arose, the acts and omissions giving rise to this cause of action took place Charleston County, South Carolina, as further shown below.

8. This Court has personal jurisdiction over the Defendants because Defendant Uber and Defendant Rasier were, at the time this cause of action arose, doing business in South Carolina through their agent, servant, and/or employee Defendant Ercanturk, and this cause of action relates to and arises out of Defendant Uber and Defendant Rasier's contacts with South Carolina, as further shown below.

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1332 because (1) Plaintiff is a citizen and resident of North Carolina while Defendant Ercanturk is a citizen and resident of California and Defendants Uber and Rasier are incorporated and formed in Delaware and their primary places of business is in California, and as such there is complete diversity between the parties, and (2) the amount in controversy exceeds $75,000.00 due to Plaintiff's serious injuries.

**BACKGROUND**

10. On September 8, 2023, at around 12:13 in the afternoon, Defendant Ercanturk was driving a 2016 Kia (VIN KNADM4A32G6591538) in Charleston County, South Carolina.

11. Defendant Ercanturk was exiting the parking lot at 1175 Folly Road.

12. Defendant Ercanturk failed to yield to oncoming traffic and pulled out in front of the vehicle being driven by Plaintiff, violated his clear right of way, and caused a violent collision with Plaintiff.

13. Plaintiff was operating his vehicle as a reasonably prudent person under the circumstances.

14. As a result of the crash, Plaintiff sustained severe and debilitating injuries to his body.

**COUNT I**
(Negligence *per se* as to Defendant Ercanturk)

15. Plaintiff adopts, realleges and incorporates the allegations contained in the preceding paragraphs.

16. Defendant Ercanturk owed Plaintiff statutory duties to operate her vehicle in a reasonable and safe manner so as to not cause injury to Plaintiff.

17. Defendant Ercanturk breached her duty to Plaintiff by failing to exercise reasonable care to avoid pulling out in front of Plaintiff's vehicle and causing the Crash.

18. Defendant Ercanturk's violation of her statutory duties constitutes negligence *per se*.

19. Defendant Ercanturk's breach of her statutory duties, as described above, is not only negligence *per se*, but is also evidence of recklessness, willfulness, and wantonness sufficient to entitle Plaintiff to both compensatory and punitive damages.

20. Defendant Ercanturk's violations of her statutory duties caused Plaintiff's damages, including but not limited to the following:

    a. Significant past and future medical expenses;
    b. Lost income and reduced earning capacity;
    c. Emotional distress and anxiety;
    d. Mental anguish;
    e. Loss of enjoyment of life, to the detriment of Plaintiff's physical health and mental well-being; and
    f. Other damages as will be shown in the discovery and trial of this case.

21. Because Plaintiff was injured as a direct result of Defendant Ercanturk's violations of her statutory duties described above, Plaintiff is entitled to actual and compensatory damages for his personal injuries and property damage in the amount the jury determines at the trial of this case.

22. Defendant Ercanturk's statutory violations demonstrate such wanton disregard for the health, rights, and safety of Plaintiff, and should thus pay punitive damages in the amount the jury determines appropriate to punish Defendant Ercanturk for her reckless conduct, to discourage such reckless conduct in others, and to vindicate Plaintiff's private rights which Defendant Ercanturk violated. Plaintiff also requests whatever costs, attorney fees, and interest to which this Court determines he is entitled.

## COUNT II
(Negligence as to Defendant Ercanturk)

23. Plaintiff adopts, realleges and incorporates the allegations contained in the preceding paragraphs.

24. Defendant Ercanturk owed Plaintiff a common-law duty to do the following:

    a. Keep a proper lookout;
    b. Maintain appropriate attention on the road while driving;
    c. Maintain her vehicle in a roadworthy manner;
    d. Yield the right of way to Plaintiff;
    e. Apply her brakes so as to timely stop her vehicle;
    f. Operate her vehicle in a safe manner and at a safe speed; and

      g. Drive in a reasonably careful manner with respect for the rights and safety of others such as Plaintiff.

25. Defendant Ercanturk breached her duty to Plaintiff in the following ways:

      a. Failing to keep a proper lookout;
      b. Driving while distracted;
      c. Failing to slow when traffic ahead of him was slowing and stopping;
      d. Failing to apply her brakes and stop in a timely manner;
      e. Crashing into Plaintiff instead of steering around or away from him;
      f. Failing to yield the right of way to Plaintiff;
      g. Operating his vehicle in an unsafe manner or at an unsafe speed, or
      h. Driving in an unreasonable and careless manner without thought for the rights and safety of others, including Plaintiff, as shall be further shown in the discovery and trial of this case.

26. Defendant Ercanturk's breach described above was not only negligent, but also grossly negligent, careless, reckless, willful, and wanton.

27. Defendant Ercanturk's negligent, grossly negligent, careless, reckless, willful, and wanton breach of his duty directly and proximately caused Plaintiff serious injuries, and Plaintiff's outstanding medical bills. As a direct result of Defendant Ercanturk's negligence, gross negligence, carelessness, recklessness, willfulness, and wantonness, Plaintiff has suffered or will suffer the following damages:

      a. Significant past and future medical expenses,
      b. Lost income and reduced earning capacity,
      c. Personal property damage,
      d. Emotional distress and anxiety,
      e. Mental anguish,
      f. Loss of enjoyment of life, to the detriment of Plaintiff's physical health and mental well-being, and
      g. Other damages as will be shown in the discovery and trial of this case.

28. Because Plaintiff was injured as a direct result of Defendant Ercanturk's acts and omissions described above, Plaintiff is entitled to actual and compensatory damages for his personal injuries and property damage in the amount the jury determines at the trial of this case.

29. Defendant Ercanturk's acts and omissions demonstrate such want of care as to show Defendant Ercanturk was consciously indifferent both to the consequences of her acts and

omissions and to the health, safety, and rights of Plaintiff and others. Thus, in addition to Plaintiff's compensatory damages, Defendant Uber, Defendant Rasier, and Defendant Ercanturk should also pay punitive damages in the amount the jury determines appropriate to punish Defendant Ercanturk for her reckless conduct, to discourage such reckless conduct in others, and to vindicate Plaintiff's private rights which Defendant Ercanturk violated. Plaintiff also requests whatever costs, attorney fees, and interest to which this Court determines he is entitled.

## **COUNT III**
(Vicarious Liability as to Defendant Uber)

31. Plaintiff adopts, incorporates and realleges the allegations of the preceding paragraphs.

32. At the time of the crash that is the subject of this lawsuit, Defendant Ercanturk was acting in the scope of her agency, service, and/or employment on behalf of Defendant Uber.

33. Defendant Uber, thus acting through its agent, servant, and employee Defendant Ercanturk, is vicariously liable for the negligent, careless, reckless, wanton, willful, and grossly negligent acts of Defendant Ercanturk as set forth in the first and second causes of action.

34. Plaintiff asks this Court to enter judgment ordering Defendant Uber to pay actual, consequential, and punitive damages to Plaintiff, together with pre- and post-judgment interest and any other relief this Court deems just.

## **COUNT IV**
(Vicarious Liability as to Defendant Rasier)

31. Plaintiff adopts, incorporates and realleges the allegations of the preceding paragraphs.

32. At the time of the crash that is the subject of this lawsuit, Defendant Ercanturk was acting in the scope of her agency, service, and/or employment on behalf of Defendant Rasier.

33. Defendant Rasier, thus acting through its agent, servant, and employee Defendant Ercanturk, is vicariously liable for the negligent, careless, reckless, wanton, willful, and grossly negligent acts of Defendant Ercanturk as set forth in the first and second causes of action.

34. Plaintiff asks this Court to enter judgment ordering Defendant Rasier to pay actual, consequential, and punitive damages to Plaintiff, together with pre- and post-judgment interest and any other relief this Court deems just.

## **COUNT V**

(Negligent Hiring, Training, Supervision, and Retention as to Defendant Uber)

31. Plaintiff adopts, incorporates and realleges the allegations contained in the preceding paragraphs.

32. Defendant Uber was negligent, careless, reckless, wanton, willful, and grossly negligent in hiring, training, supervising, or retaining Defendant Ercanturk to operate a vehicle on Defendant Uber' behalf in one or more of the following ways:

   a. Failing to review Defendant Ercanturk's driving history;
   b. Failing to assess Defendant Ercanturk's driving skill;
   c. Hiring Defendant Ercanturk to drive on Defendant Uber's behalf despite Defendant Ercanturk's history of unsafe driving;
   d. Failing to have policies and procedures to train or monitor Defendant Ercanturk, or if such policies and procedures were in place, failing to enforce them;
   e. Failing to ensure Defendant Ercanturk had proper training and experience to operate a vehicle for Defendant Uber in a safe and effective manner; and
   f. Otherwise failing to investigate Defendant Ercanturk's skill and history with a vehicle, train Defendant Ercanturk in proper driving procedures, supervise Defendant Ercanturk's driving, release Defendant Ercanturk from employment due to safety issues, or otherwise act as a reasonable employer would under the same or similar circumstances.

33. Based on Defendant Ercanturk's unsafe driving history, Defendant Uber knew or should have known that hiring, training, supervising, or retaining Defendant Ercanturk posed a risk of foreseeable harm to third parties.

34. Plaintiff asks this Court to enter judgment ordering Defendant Uber to pay actual, consequential, and punitive damages to Plaintiff, together with pre- and post-judgment interest and any other relief this Court deems just.

## COUNT VI
(Negligent Hiring, Training, Supervision, and Retention as to Defendant Rasier)

31. Plaintiff adopts, incorporates and realleges the allegations contained in the preceding paragraphs.

32. Defendant Rasier was negligent, careless, reckless, wanton, willful, and grossly negligent in hiring, training, supervising, or retaining Defendant Ercanturk to operate a vehicle on Defendant Rasier's behalf in one or more of the following ways:

   a. Failing to review Defendant Ercanturk's driving history;
   b. Failing to assess Defendant Ercanturk's driving skill;
   c. Hiring Defendant Ercanturk to drive on Defendant Rasier's behalf despite Defendant Ercanturk's history of unsafe driving;
   d. Failing to have policies and procedures to train or monitor Defendant Ercanturk, or if such policies and procedures were in place, failing to enforce them;
   e. Failing to ensure Defendant Ercanturk had proper training and experience to operate a vehicle for Defendant Rasier in a safe and effective manner; and
   f. Otherwise failing to investigate Defendant Ercanturk's skill and history with a vehicle, train Defendant Ercanturk in proper driving procedures, supervise Defendant Ercanturk's driving, release Defendant Ercanturk from employment due to safety issues, or otherwise act as a reasonable employer would under the same or similar circumstances.

33. Based on Defendant Ercanturk's unsafe driving history, Defendant Rasier knew or should have known that hiring, training, supervising, or retaining Defendant Ercanturk posed a risk of foreseeable harm to third parties.

34. Plaintiff asks this Court to enter judgment ordering Defendant Rasier to pay actual, consequential, and punitive damages to Plaintiff, together with pre- and post-judgment interest and any other relief this Court deems just.

**WHEREFORE**, Plaintiff asks this Court to award his actual, compensatory, and punitive damages in an amount the jury determines appropriate at trial, as well as such costs, attorney fees, and pre- and post-judgment interest as this Court determines he is entitled to, and such other relief as this Court determines is just.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial.

                                          **MORGAN & MORGAN, P.A.**

                                          */s/ James G. Biggart II*
JAMES G. BIGGART II, ESQ.
Federal ID: 14195
COOPER KLAASMEYER, ESQ.
Federal ID: 14272
4401 Belle Oaks Drive, Suite 300
North Charleston, SC, 29405
Telephone: (843) 973- 5186
Fax: (843) 947- 6113
jbiggart@forthepeople.com
cooper.klaasmeyer@forthepeople.com
swright@forthepeople.com
**Attorneys for the Plaintiff**

November 12, 2024
Charleston, South Carolina