**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| BRIAN ECKART | ) | |
| | ) | C/A No.: 2:24-cv-06400-RMG |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | |
| | ) | **JOINT 26(f) REPORT WITH LOCAL** |
| CEREN ERCANTURK | ) | **RULES ADDITIONS** |
| UBER TECHNOLOGIES, INC | ) | |
| RAISER, LLC | ) | |
| | ) | |
| *Defendants.* | ) | |

The parties, having consulted pursuant to Rule 26(f), Fed. R. Civ. P., hereby report as follows (check one below):

☐ We agree that the schedule set forth in the Conference and Scheduling Order filed is appropriate for this case. **The parties' proposed discovery plan as required by Fed. R. Civ. P. Rule 26(f) and the information required by Local Civil Rule 26.03 will be separately filed by the parties.**

☒ We agree that the schedule set forth in the Conference and Scheduling Order filed requires modification as set forth in the proposed Consent Amended Scheduling Order which will be e-mailed to chambers as required (use format of the Court's standard scheduling order). **The parties' proposed discovery plan as required by Fed. R. Civ. P. Rule 26(f) and the information required by Local Civil Rule 26.03 will be separately filed by the parties.**

☐ We are unable, after consultation, to agree on a schedule for this case. We, therefore, request a scheduling conference with the Court. **The parties' proposed discovery plan as required by 26(f) Fed. R. Civ. P., with disagreements noted, and the information required by Local Civil Rule 26.03 will be separately filed by the parties.**

I. **Rule 26(f)(3), FRCP Discovery Plan**

A. **What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made?**

   RESPONSE:  The parties have agreed to a modified deadline as reflected in the proposed amended scheduling order.

B. **The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues.**

RESPONSE: The parties expect discovery on the topics of transportation liability, duty, breach of duty, legal causation, proximate causation, agency, independent contractor status of the driver, indemnity, injuries of Plaintiff and her damages.

C. **Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

RESPONSE: None known at this time.

D. **Any issues about claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the court to include their agreement in an order.**

RESPONSE: The parties reserve the right to assert claims of privilege or trial-preparation as discovery requests are made and responded to. The parties also consent to the Court's form confidentiality order in the event it is needed for the disclosure of certain information.

E. **What changes should be made on the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

RESPONSE: No changes anticipated at this time.

F. **Any other orders that should be entered by the court under Rule 26(c) or under Rule 16(b) and (c).**

RESPONSE: None at this time.

II. **Local Civ. Rule 26.03 (D.S.C.) Disclosures**

1. **Short statement of the facts of the case**

   RESPONSE: This case stems from a motor vehicle accident that occurred on or about September 8, 2023 in Charleston, South Carolina.

   Defendants Ceren Ercanturk, Raiser, LLC, and Uber Technologies deny Plaintiff's allegations and have asserted certain affirmative defenses as set forth in more detail below and within the Defendants' respective Answers to the Plaintiff's Complaint.

2. **Names of fact witnesses likely to be called and a brief summary of their expected testimony**

The parties anticipate that witnesses will include Plaintiff, Defendant driver, representatives of Defendant Uber Technologies, Inc., representatives of Defendant Raiser, LLC, first responders, treating medical professionals, and any other fact witnesses discovery may reveal.

3. **The names and subject matter of expert witnesses**

   The parties have not yet determined what experts may be needed for trial in this matter and will provide this information, once known, in accordance with the Conference and Scheduling Order. The parties reserve the right to call witnesses identified during discovery and to call at the trial of this case any witness, whether fact or expert, listed by any party.

   Plaintiff intends to elicit expert testimony from some or all of Plaintiff's treating doctors. Plaintiff expects that his treating doctors will testify to their diagnosis of Plaintiff's injuries, treatment of those injuries, and any opinions regarding causation of Plaintiff's injuries, permanence of Plaintiff's injuries, necessity of future medical care, and the cost of that future medical care.

   The parties stipulate that expert witnesses may appear for deposition and trial via teleconference under Fed.R.Civ.P. Rule 43(a)

4. **A summary of the claims or defenses with statutory and/or case citations supporting the same.**

   PLAINTIFF'S RESPONSE:

   Negligence *Per Se*: "Negligence per se is established by showing a statute created a duty to the plaintiff and the defendant breached that duty by violating the statute." *Seals by Causey v. Winburn*, 314 S.C. 416, 445 S.E.2d 94 (Ct. App. 1994) (citing *Whitlaw v. Kroger Co.*, 306 S.C. 51, 410 S.E.2d 251 (1991)).

   Negligence: "To recover on a claim for negligence, a plaintiff 'must show (1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty by a negligent act or omission; and (3) damage proximately resulting from the breach.'" *Carolina Chloride, Inc. v. Richland Cnty.,* 394 S.C. 154, 714 S.E.2d 869 (2011) (citations omitted).

   Vicarious Liability/Respondeat Superior: "The doctrine of respondeat superior provides that the employer, as the employee's master, is called to answer for the tortious acts of his servant, the employee, when those acts occur in the course and scope of the employee's employment." *James v. Kelly Trucking Co.*, 377 S.C. 628, 661 S.E.2d 329 (2008) (citing *Sams v. Arthur*, 135 S.C. 123, 133 S.E. 205 (1926)).

   Negligent Hiring, Training, Supervision, and Retention: "In circumstances where an employer knew or should have known that its employment of a specific person created an

undue risk of harm to the public, a plaintiff may claim that the employer was itself negligent in hiring, supervising, or training the employee, or that the employer acted negligently in entrusting its employee with a tool that created an unreasonable risk of harm to the public." *James v. Kelly Trucking Co.*, 377 S.C. 628, 661 S.E.2d 329 (2008) (citing *Degenhart v. Knights of Columbus*, 309 S.C. 114, 420 S.E.2d 495 (1992)).

As discovery is ongoing, plaintiff reserves the right to supplement for any additional claims which may result.

DEFENDANT ERCANTURK'S RESPONSE:  Defendant Ercanturk has denied the material allegations in the Plaintiff's Complaint and has asserted certain affirmative defenses, including, but not limited to, the following:

(a) Plaintiff's own negligence caused the incident and Plaintiff's recovery, if any, should be reduced in proportion to his negligence or barred completely if a jury finds that the Plaintiff's negligence exceeded that of Defendant Ercanturk. *Nelson v. Concrete Supply Co.*, 303 S.C. 243, 245, 399 S.E.2d 783, 784 (1991).

(b) Plaintiff's claims are barred, in whole or in part, because any injuries and damages allegedly sustained or incurred by the Plaintiff were caused, in whole or in part, by acts or omissions of others for whose conduct Defendant Ercanturk is not responsible. *Shepard v. South Carolina Dept. of Corrections*, 385 S.E.2d 35 (S.C. App. 1989); *Crowley v. Spivey*, 329 S.E.2d 774 (S.C. App. 1985).

(c) Plaintiff's damages, if any, are the direct and proximate result of the intervening and superseding negligence of others. *Gause v. Smithers*, 742 S.E.2d 644 (S.C. 2013); *Bishop v. S.C. Dep't of Mental Health*, 502 S.E.2d 78 (S.C 1998).

(d) Plaintiff's damages, if any, are the direct and proximate result of the sole negligence of third parties not affiliated with Defendant and not under her domain or control. *Young v. Tide Craft, Inc.*, 242 S.E.2d 671 (S.C. 1978); *Small v. Pioneer Machinery*, Inc., 450 S.E.2d 609 (S.C. Ct. App. 1994)

(e) Plaintiff's damages, if any, were caused by an unforeseen mishap that was not caused by or contributed to by any negligent conduct, and the mere fact that an accident happened, standing alone, does not permit one to assume negligence, and therefore, the Plaintiff shall be barred from recovery unless he overcomes the burden of proving his injuries were not the result of an unavoidable accident. *Prince v. Associated Petroleum Carriers*, 262 S.C. 358, 204 S.E.2d 575 (1974).

(f) Plaintiff failed to act reasonably to mitigate his damages. *Gentry v. E.W. Partners Club Mgmt. Co.*, 816 F.3d 228, 240–42 (4th Cir. 2016); *Lyons v. Fidelity Nat'l Title Ins. Co.*, 415 S.C. 115, 133, 781 S.E.2d 126 (Ct. App. 2015).

(g) Plaintiff's claim for punitive damages should be dismissed under both federal and state law. *Philip Morris USA v. Williams*, 549 U.S. 346 (2007); *State Farm Fire & Gas Co. v. Campbell*, 538 U.S. 408 (2003*); Austin v. Stokes-Craven Holding Corp.*, 387 S.C. 22, 52-53, 691 S.E.2d 135, 150-151 (2010).

The above authorities are meant to be exemplary only. Defendant Ercanturk reserves the right to rely on other authorities and defenses that may become available and/or relevant as this case develops.

DEFENDANTS' UBER AND RASIER RESPONSE: Defendants, Uber Technologies, Inc., and Rasier, LLC, have denied the material allegations in the Plaintiff's Complaint and have asserted certain affirmative defenses and crave reference to the defenses asserted in their Answer to Plaintiff's Complaint (ECF No. 7). The claims and defenses asserted arise under South Carolina law

5. **Absent special instructions from the assigned judge, propose dates for the following deadlines listed in Local Civ. Rule 16.02 (D.S.C.).**

    RESPONSE:  The parties agree to the deadlines memorialized in the proposed amended scheduling order.

6. **Any special circumstances that would affect the time frames applied in preparing the scheduling order.**

    RESPONSE:  None at this time.

7. **The parties shall provide any additional information requested in the Pre-Scheduling Order (Local Civil Rule 16.01) or otherwise requested by the assigned judge.**

    RESPONSE:  The parties do not consent to a trial before a United States Magistrate Judge.

[*Signatures on Following Page*]

| | |
|---|---|
| **MORGAN & MORGAN, P.A.** | Luzuriaga Mims, LLP |
| /s/*James G. Biggart II* | *s/D. Summers Clarke, II* |
| JAMES G. BIGGART II, ESQ. | D. Summers Clarke, II (Fed. Bar No. 10348) |
| Federal ID:   14195 | D. Foster Moe, Esq. (Fed. Bar No. 14353) |
| COOPER KLAASMEYER, ESQ. | 1156 King Street |
| Federal ID: 14272 | Charleston, SC 29403 |
| 4401 Belle Oaks Drive, Suite 300 | (843) 410-4713 |
| North Charleston, SC 29405 | sclarke@lmlawllp.com |
| Phone:(843) 947-6063 | dmoe@lmlawllp.com |
| Fax:(843) 947-6113 | ***Counsel for Defendant Ceren Ercanturk*** |
| **Attorneys for Plaintiff** | |

By: *s/ John A. "Jay" Jones*
John A. "Jay" Jones (Federal Bar No. 9479)
GALLIVAN, WHITE & BOYD, P.A.
40 Calhoun Street, Suite 315
Charleston, SC 29401
Telephone: (843) 735-7600
Fax: (843) 414-8070
jjones@gwblawfirm.com
*Attorneys for Uber Technologies, Inc. and Rasier, LLC*