**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| BRIAN ECKART, ) | Civil Action No: 2:24-cv-06400-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **DEFENDANT CEREN ERCANTURK'S** |
| ) | **MOTION FOR EXTENSION** |
| CEREN ERCANTURK, RAISER, LLC, ) | **OF TIME TO DESIGNATE** |
| and UBER TECHNOLOGIES, INC. ) | **EXPERT WITNESSES** |
| ) | |
| Defendants. ) | |
| ) | |

The Defendant, Ceren Ercanturk (herein after "Defendant" or "Ercanturk"), by and through her undersigned counsel, hereby moves the Court for an extension of time within which to file its Rule 26(a)(2) Expert Disclosure pursuant to Federal Rules of Civil Procedure 6(b)(1)(A). The grounds for this motion are as follows:

1. On August 11, 2025, the Court entered an Amended Scheduling Order. This Scheduling Order set expert disclosures for Defendants due no later than September 30, 2025.

2. On September 18, 2025, twelve (12) days before Defendant's expert disclosure deadline, counsel for Plaintiff Brian Eckart produced voluminous discovery responses disclosing various newly identified medical providers, medical records, and medical bills. These newly identified records were received by Defendant at close of business the day prior to Plaintiff's scheduled deposition.

3. On September 19, 2025, the deposition of Plaintiff was held, without having sufficient time to review the voluminous records provided by Plaintiff's counsel the evening prior. As

    such, counsel for Defendant Ercanturk requested to leave the deposition open until counsel had proper time to review the records.

4. Defendant and her consulting experts need to review and analyze the transcript of Plaintiff's testimony, which is not yet available. Additionally, material information obtained from Plaintiff's deposition on September 19, 2025, must be incorporated into expert analysis.

5. The late production of these materials has created a significant impediment to Defendant Ercanturk's ability to comply with the September 30, 2025, expert disclosure deadline.

Defendant respectfully requests that the Court grant the extension of the expert disclosure deadline until October 31, 2025.

These circumstances were entirely beyond Defendant's control. Federal Rules of Civil Procedure 26(a)(2) requires expert disclosures to contain "a complete statement of all opinions the witness will express and the basis and reasons for them." Requiring Defendant to designate experts without adequate time to review essential discovery materials would compromise the completeness and accuracy of expert opinions.

Plaintiff will suffer no prejudice from a reasonable extension of the expert designation deadline. Defendant has attached a Proposed Amended Scheduling Order for the Courts consideration, which extends Defendant's expert disclosure deadline and adjusts subsequent case deadlines accordingly to maintain an orderly progression towards trial. Mediation has been scheduled for October 17, 2025, and this requested extension will not affect the mediation date.

Counsel for Defendant certifies that they have consulted with Plaintiff's counsel and attempted to resolve this Motion, but they were unable to reach an agreement prior to the filing of this Motion.

- 3 -

        Luzuriaga Mims, LLP

        <u>*s/D. Summers Clarke, II*</u>
        D. Summers Clarke, II (Fed. Bar No. 10348)
        D. Foster Moe, Esq. (Fed. Bar No. 14353)
        1156 King Street
        Charleston, SC 29403
        (843) 410-4713
        sclarke@lmlawllp.com
        fmoe@lmlawllp.com
        ***Counsel for Defendant Ceren Ercanturk***

Date: September 22, 2025
Charleston, South Carolina