# IN THE DISTRICT COURT OF THE UNITED STATES
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| BRIAN ECKART, *Plaintiff*, vs. CEREN ERCANTURK UBER TECHNOLOGIES, INC RAISER, LLC, *Defendants*. | Case No.: 2:24-cv-06400 **PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO ALTER TIME** |

Plaintiff Brian Eckart, by and through undersigned counsel, hereby provides the following response to Defendant Ercanturk's Motion to Alter Time:

## **DISCOVERY TIMELINE**

- On January 6, 2024, Plaintiff filed suit against Defendant Ercanturk in the Charleston County Court of Common Pleas

- On June 10, 2024, Plaintiff responded to Defendant Ercanturk's discovery requests, identifying all known providers at the time and producing all medical records and bills in Plaintiff's possession.

- On October 15, 2024, Plaintiff dismissed the state court action and refiled in federal court based on diversity jurisdiction.

- On March 7. 2025, the parties conducted the Rule 26(f) conference.

- On May 5, 2025, Defendant Ercanturk sent subpoenas to Plaintiff's medical providers due on May 26, 2025.

- On August 5, 2025, the parties agreed to schedule Plaintiff's deposition for September 19, 2025.

- On August 11, 2025, the Court entered an Amended Scheduling Order adopting dates proposed by the parties, including Defendant Ercanturk.

- On August 14, 2025, Defendant Ercanturk served discovery requests upon Plaintiff.

- On August 15, 2025, Plaintiff provided his 26(a)(1) Disclosures.

- On September 2, 2025, Plaintiff provided his 26(a)(2) Disclosures.

- On September 18, 2025, Plaintiff served discovery responses, including interrogatory answers and document production.

## ARGUMENT

Defendant Ercanturk's complaint of delay on behalf of Plaintiff mischaracterizes the sequence of discovery thus far. Defendant Ercanturk was entitled to serve written discovery as of the Rule 26(f) conference on March 7, 2025. "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)[…]." Fed. R. Civ. P. 26(d)(1). Defendant Ercanturk did not serve written discovery until August 14, 2025. Plaintiff concedes to serving answers four days after the due date but also points to the selection of the deposition date five days following the discovery due date by Defendant Ercanturk, the prior discovery done in the state court case, and subpoenas issued by Defendant Ercanturk as mitigating factors. Much of what was disclosed in Plaintiff's discovery responses had previously been obtained by Defendant Ercanturk through subpoena, prior discovery requests, or disclosures.

Despite these arguments, Plaintiff only partially opposes Defendant Ercanturk's Motion to Alter Time. Plaintiff has no objection to an extension for Defendant Ercanturk's experts to prepare final reports and disclosures required under Rule 26(a)(2)(B)(I-VI) and the other amended deadlines identified in Defendant Ercanturk's Proposed Amended Scheduling Order, but asks that the Court require Defendant Ercanturk to identify her experts by name, address, and subject matter

by the current deadline. Additionally, Plaintiff requests upon final disclosure that Defendant be required to provide two available dates for each expert disclosed to be deposed. Defendant Ercanturk's motion states: "Defendant and her consulting experts need to review and analyze the transcript of Plaintiff's testimony, which is not yet available. Additionally, material information obtained from Plaintiff's deposition on September 19, 2025, must be incorporated into Expert analysis." Dkt. 21, Defendant's Motion to Alter Time, ¶ 4. Based upon Defendant Ercanturk's motion, the experts Defendant Ercanturk will bring to trial have been selected. Requiring disclosure of the identities and general subject matter will allow Plaintiff to prepare for the impending expert discovery which will need to be completed expeditiously given the tight timeline between the proposed disclosure deadline and the closure of discovery and serve to prevent any further delays.

## CONCLUSION

Plaintiff requests that the Court grant in part and deny in part Defendant Ercanturk's Motion and adopt Plaintiff's Alternate Proposed Amended Scheduling Order submitted herewith.

Respectfully submitted,

**MORGAN & MORGAN, P.A.**
/s/ Cooper Klaasmeyer
JAMES G. BIGGART II, ESQ.
Federal ID:    14195
COOPER KLAASMEYER, ESQ.
Federal ID:    14272
4401 Belle Oaks Drive, Suite 300
North Charleston, SC, 29405
Telephone:    (843) 973-5186
Fax:    (843) 973-5208
Biggartlitigation@forthepeople.com
Cooper.klaasmeyer@forthepeople.com
**Attorneys for the Plaintiff**

September 25, 2025
North Charleston, SC